Filed 8/26/20  P. v. Vindiola CA6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DAMIAN MANUEL VINDIOLA,<br><br>     Defendant and Appellant. | H045815<br>(Santa Clara County<br>Super. Ct. No. C1769827) |

Defendant Damian Manuel Vindiola pleaded no contest to attempted arson (Pen. Code, § 455)[1] and admitted that he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a)).  After the trial court granted defendant's *Romero*[2] motion to dismiss the prior strike conviction, it suspended imposition of sentence and placed defendant on probation for three years. The trial court also imposed various fines, probation costs, fees, and assessments.

On appeal, defendant contended that the case must be remanded for the trial court to exercise its discretion to strike the prior serious felony enhancement and to determine whether he is entitled to mental health diversion under section 1001.36.  He also challenged the imposition of fines (§§ 1202.4, 1202.44), probation costs (§ 1203.1b,

---

[1] All further statutory references are to the Penal Code unless stated otherwise.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

subd. (a)), a criminal justice administration fee (Gov. Code, §§ 29550, subd. (c), 29550.2, subd. (a)), a court operations assessment (§ 1465.8), and a criminal conviction assessment (Gov. Code, § 70373).

In an opinion filed March 27, 2020, a different panel of this court affirmed the trial court's order. (*People v. Vindiola* (Mar. 27, 2020, H045815) [nonpub. opn.]; see *id.* (conc. & dis. opn. of Bamattre-Manoukian, J.).) On July 29, 2020, the California Supreme Court granted review, S261875, and transferred the matter to this court with directions to vacate the decision and reconsider the cause in light of *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*). We have vacated the prior decision by separate order. Neither party has submitted supplemental briefing pursuant to California Rules of Court, rule 8.200(b).

For reasons that we will explain, we will conditionally reverse the trial court's order and remand the matter for the court to conduct a mental health diversion eligibility hearing. (See *Frahs*, *supra*, 9 Cal.5th at p. 640.)

## I.  Statement of Facts[3]

On July 27, 2017, San Jose firefighters responded to a fire on the roof of a bathroom at Welch Park. Defendant was standing on the roof by the fire. Defendant was agitated and said, " 'Fuck the police,' " numerous times. Defendant stated that he had started the fire because he wanted an opportunity to talk with police. After defendant put out the fire, he came down from the roof and was taken into custody. The fire charred a nine-square-foot section of the roof.

## II. Discussion

## A.  Prior Serious Felony Enhancement

Defendant contends that the case must be remanded for the trial court to exercise its discretion to strike the prior serious felony enhancement.

---

[3] The statement of facts is based on the preliminary hearing transcript.

While this appeal was pending, the Governor signed Senate Bill No. 1393, which amended section 667, subdivision (a), and section 1385, subdivision (b), to allow a court to exercise its discretion to strike a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1-2.) Under the previous version of section 667, the trial court was required to impose a five-year consecutive term for "[a]ny person convicted of a serious felony who previously has been convicted of a serious felony . . . ." (Former § 667, subd. (a).) The court had no discretion to "strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Former § 1385, subd. (b).) Appellate courts have recognized the retroactive application of Senate Bill No. 1393. (*People v. Sexton* (2019) 37 Cal.App.5th 457, 473; *People v. Garcia* (2018) 28 Cal.App.5th 961, 972-973.)

The Attorney General argues that defendant's challenge to the prior serious felony enhancement is not ripe for appellate review. We agree.

" '[A] controversy is "ripe" when it has reached . . . the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.' [Citation.]" (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 171.) "The legal issues posed must be framed with sufficient concreteness and immediacy so that the court can render a conclusive and definitive judgment rather than a purely advisory opinion based on hypothetical facts or speculative future events." (*Hayward Area Planning Assn. v. Alameda County Transportation Authority* (1999) 72 Cal.App.4th 95, 102.)

Here, the trial court suspended the imposition of sentence and placed defendant on probation. If defendant successfully completes probation, he will not be sentenced to a prison term. If his probation is revoked, and if the trial court imposes a sentence that includes a prison term for the serious felony enhancement, defendant may seek appellate review of the sentence at that time. Thus, this issue is not ripe for appellate review.

### B. Mental Health Diversion

Defendant contends the case should be remanded to allow the trial court to determine whether he is eligible for pretrial mental health diversion under section 1001.36. Effective June 27, 2018, section 1001.36 authorizes the trial court to grant pretrial diversion to defendants who are diagnosed with a qualifying mental disorder and meet other requirements. (*Id.*, subd. (a).) Defendant, who was sentenced on April 27, 2018, argues that section 1001.36 applies retroactively to cases not yet final on appeal.

A trial court may grant pretrial diversion pursuant to section 1001.36 if the defendant has not been charged with a disqualifying offense and the court finds: "(1) the defendant suffers from a qualifying mental disorder;[4] (2) the disorder played a significant role in the commission of the charged offense; (3) the defendant's symptoms will respond to mental health treatment; (4) the defendant consents to diversion and waives his or her speedy trial right; (5) the defendant agrees to comply with treatment; and (6) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. [Citation.]" (*Frahs*, *supra*, 9 Cal.5th at pp. 626-627.)

"If the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the defendant and the offense are suitable for diversion, and the trial court is satisfied that the recommended program of mental health treatment will meet the specialized mental health treatment needs of the defendant, then the court may grant pretrial diversion. (§ 1001.36, subds. (a), (b)(3) & (c)(1).) The maximum period of diversion is two years. (*Id.*, subd. (c)(3).) If the defendant is subsequently charged with an additional crime, or otherwise performs unsatisfactorily in the assigned program, then the court may reinstate criminal proceedings. (*Id.*, subd. (d).)

---

**4** "Evidence of the defendant's mental disorder shall be provided by the defense and shall include a recent diagnosis by a qualified mental health expert." (§ 1001.36, subd. (b)(1)(A).)

'If the defendant has performed satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion' and 'the arrest upon which the diversion was based shall be deemed never to have occurred.'  (*Id.*, subd. (e).)"  (*Frahs*, *supra*, 9 Cal.5th at p. 627.)

The California Supreme Court recently held in *Frahs* that because section 1001.36 provides a possible ameliorating benefit for a class of persons, namely, certain defendants with qualifying mental disorders, and neither the statute's text nor its legislative history clearly signals the Legislature's intent to overcome *Estrada*'s inference of retroactivity,[5] section 1001.36 applies retroactively to cases where, as here, the judgment is not yet final.  (*Frahs*, *supra*, 9 Cal.5th at p. 624.)  The court "conclude[d] that a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when . . . the record affirmatively discloses that the defendant appears to meet at least the first threshold eligibility requirement for mental health diversion — the defendant suffers from a qualifying mental disorder."  (*Id.* at p. 640.)

Here, the record affirmatively discloses that defendant appears to suffer from schizophrenia and, thus, "appears to meet at least the first threshold eligibility requirement for mental health diversion."  (*Frahs*, *supra*, 9 Cal.5th at p. 640.)  Defendant asserted in his *Romero* motion that he had "a history of short-term mental health interventions" at two local hospitals, "[h]e had several Emergency Psychiatric Services holds in the year before the incident giving rise to this case, and doctors diagnosed him with schizophrenia."  When granting the motion, the trial court stated that it was "clear" that the offense "was caused and greatly influenced by a combination of mental illness

---

[5] In *In re Estrada* (1965) 63 Cal.2d 740, 742 (*Estrada*), the California Supreme Court held that a statutory amendment lessening punishment is presumptively retroactive and applies to judgments not yet final when the amendment takes effect.

and substance abuse." The court also ordered defendant to "complete a psychological treatment program" as a condition of probation.

Accordingly, pursuant to the California Supreme Court's decision in *Frahs* and based on the record before us, we conclude that a conditional limited remand is appropriate for the trial court to conduct a mental health diversion eligibility hearing. (See *Frahs*, *supra*, 9 Cal.5th at p. 640.) We express no opinion on whether defendant will be able to demonstrate eligibility for mental health diversion under section 1001.36 on remand or whether the trial court should exercise its discretion to grant diversion if it finds defendant eligible.

### C. Fines, Costs, Fees, and Assessments

Defendant contends: the restitution fines (§§ 1202.4, 1202.44) should be stricken, because the trial court did not orally impose them; there was insufficient evidence to support the implied finding that he was able to pay probation costs (§ 1203.1b, subd. (a)) and a criminal justice administration fee (Gov. Code, §§ 29550, subd. (c), 29550.2, subd. (a)); and the trial court violated his due process rights by imposing a court operations assessment (§ 1465.8) and a criminal conviction assessment (Gov. Code, § 70373).

At the conclusion of the sentencing hearing, the trial court stated that the order was modifiable by Department 61. This court requested supplemental briefing as to whether defendant had sought modification of the order. The Attorney General and defendant have provided a minute order in this case that shows the trial court modified the terms and conditions of defendant's probation by deleting the fines, probation costs, the fees, and assessments and by declaring that defendant had a "zero" balance.

" ' "[T]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law

6

which cannot affect the matter in issue in the case before it." ' [Citation.]" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.)

Since defendant is no longer required to pay the fines, costs, fees, and assessments, this court has lost the ability to grant effective relief. Accordingly, the issue is moot.

### III.    Disposition

The trial court's order granting defendant probation is conditionally reversed with the following instructions: If the trial court finds that defendant suffers from a qualifying mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria in Penal Code section 1001.36, the court may grant defendant diversion. If defendant successfully completes diversion, the court shall dismiss the charge and allegations against defendant. However, if the court determines that defendant does not meet the criteria under section 1001.36, or if defendant does not successfully complete diversion, defendant's conviction and sentence shall be reinstated.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
PREMO, ACTING P.J.

_____
ELIA, J.

***People v. Vindiola***
**H045815**